## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PEARL VINCENT,**
**WIDOW OF FONZO VINCENT,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0083** (BOR Appeal No. 2050670)
(Claim No. 870040009)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**UPSHUR COALS CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Pearl Vincent, widow of Fonzo Vincent, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn Felton-Ernest and Dawn E. George, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 8, 2016, in which the Board affirmed a July 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 5, 2014, decision denying a request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vincent, a coal miner for forty years, passed away on May 26, 2013. The death certificate lists the cause of death as chronic obstructive pulmonary disease. On July 19, 2013, his widow filed an application for dependent's benefits alleging that Mr. Vincent died as a result of an occupational injury. It was noted that he began work as a coal miner as a teenager and worked for various coal companies over the years. On April 12, 1988, Mr. Vincent was granted a 25% permanent partial disability award for occupational pneumoconiosis.

A treatment note by John Bellotte, M.D., on May 20, 1998, noted that Mr. Vincent quit smoking eleven years prior. Before that, he smoked three fourths of a pack a day for forty years. Mr. Vincent was diagnosed with simple occupational pneumoconiosis and chronic obstructive pulmonary disease with chronic bronchitis and an element of bronchospasm. A pulmonary function test showed moderately severe small airway dysfunction. Mr. Vincent was hospitalized in September of 2003 for respiratory problems. A discharge summary from United Hospital Center indicates he had been in the hospital four times in three months for pneumonia. His diagnoses on discharge included eosinophilic pneumonia, chronic obstructive pulmonary disease, and hypoxic respiratory failure.

A chest x-ray taken in April of 2007 revealed overall stable appearance with scarring in both upper lobes, unchanged. There were also diffuse marked emphysematous changes. In January of 2013, Mr. Vincent was again hospitalized. A consultation note from United Hospital Center indicates Mr. Vincent was hospitalized for hypoxia, coughing up blood, and shortness of breath. It was noted that he had chronic eosinophilic pneumonia and was recently treated for an exacerbation. He also had underlying, severe chronic obstructive pulmonary disease. Mr. Vincent's prognosis was poor and he passed away four months later.

On March 27, 2014, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis was not a material, contributing factor in the decedent's death. On May 5, 2014, the claims administrator denied Mrs. Vincent's request for benefits. In a January 14, 2015, letter, Frank Scattaregia, M.D., stated that he treated Mr. Vincent from January of 1995 until his death in May of 2013. He stated that Mr. Vincent had occupational pneumoconiosis and chronic obstructive pulmonary disease. Dr. Scattaregia asserted that Mr. Vincent died as a result of pulmonary problems, and though the death certificate lists the cause of death as chronic obstructive pulmonary disease, it was Dr. Scattaregia's opinion that he died as the result of a combination of occupational pneumoconiosis and chronic obstructive pulmonary disease. He stated the two diagnoses were interchangeable and therefore occupational pneumoconiosis was a material factor in the death.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on May 6, 2015. John Willis, M.D., testified on behalf of the Board that Mr. Vincent had pleural plaques consistent with asbestos-related pleural disease. He also had severe emphysema. Dr. Willis declined to make a diagnosis of coal workers' occupational pneumoconiosis or asbestosis. He acknowledged that Mr. Vincent did have asbestos-related pleural disease. Jack

Kinder, M.D., also testified on behalf of the Board. He opined that there was evidence of asbestos exposure, but agreed with Dr. Willis that there was no evidence of parenchymal lung disease. He opined that Mr. Vincent died from respiratory disease caused by smoking tobacco. John Henry, M.D., also of the Occupational Pneumoconiosis Board concurred.

The Office of Judges affirmed the claims administrator's rejection of the claim for dependent's benefits on July 14, 2015. It found that the Occupational Pneumoconiosis Board's radiologist, Dr. Willis, reviewed the radiographic evidence of record and opined in a hearing before the Office of Judges that Mr. Vincent had severe emphysema, asbestos-related pleural plaques, and scarring. Dr. Willis opined that he could not make a diagnosis of occupational pneumoconiosis or asbestosis. Though he found asbestos-related pleural disease, it was not the same as a diagnosis of asbestosis. Drs. Kinder and Henry agreed with Dr. Willis. Dr. Kinder testified that Mr. Vincent had a history of coal dust exposure as well as chronic obstructive pulmonary disease. He found no evidence of parenchymal lung disease. Since there was no evidence of occupational pneumoconiosis, the Occupational Pneumoconiosis Board found the overwhelming disease in this case was chronic obstructive pulmonary disease. This was supported by the CT scans. Though Mr. Vincent was granted a 25% permanent partial disability award for occupational pneumoconiosis, the Occupational Pneumoconiosis Board still concluded that he died a respiratory death due to smoking tobacco. Based on the Occupational Pneumoconiosis Board's findings and the evidence of record, the Office of Judges concluded that a preponderance of the evidence does not support an award of dependent's benefits in this case. Mr. Vincent had a very significant smoking history and there was minimal evidence of occupational pneumoconiosis on later radiological studies, though the studies did show a significant degree of emphysema. Mr. Vincent had multiple medical issues and was often hospitalized for various illnesses. Lastly, the Office of Judges noted that Dr. Scattaregia's statement that chronic obstructive pulmonary disease and occupational pneumoconiosis are interchangeable diagnoses was incorrect. They are separate diagnoses and Mr. Vincent's various physicians treated them as such. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 8, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of review. Mr. Vincent had a long history of working in coal mines with exposure to mining dust. However, he also has an extensive smoking history. The Occupational Pneumoconiosis Board found, using radiological studies, that Mr. Vincent did not suffer from occupational pneumoconiosis or asbestosis. Its opinion is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II